UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OSCAR RODRIGUEZ-CHINGO,<br>Petitioner,<br>v.<br>CHRISTOPHER J. LAROSE, Warden at Otay Mesa Detention Center, et al.,<br>Respondents. | Case No.: 3:26-cv-04894-RBM-AHG<br>**ORDER GRANTING AMENDED PETITION FOR WRIT OF HABEAS CORPUS**<br>**[Doc. 9]** |

Before the Court is Petitioner Oscar Rodriguez-Chingo's ("Petitioner") Amended Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241 ("Amended Petition"). (Doc. 9.) Petitioner argues that his detention without a bond hearing has become unreasonably prolonged in violation of the Fifth Amendment's Due Process Clause. (*Id.* at 12–15.) Respondents "concede[] that this court should order that Petitioner receive a bond hearing, where the government would bear the burden of proof of establishing, by clear and convincing evidence, that Petitioner poses a danger to the community or a risk of flight." (Doc. 10 at 1–2.) Accordingly, the Court **GRANTS** the Petition and will order a bond hearing.

Petitioner also argues that the appropriate remedy is not just a bond hearing, but immediate release, because "attacks on IJ independence under the current administration have severely compromised IJs' neutrality." (Doc. 9 at 15–19.) The Court has previously

rejected this argument, explaining that "[b]ased on the Court's observations in nearly 100 habeas petitions over which it has presided in the last five months," it does not find that the immigration courts would disobey a Court order to hold a bond hearing." *See Zhakuov v. Noem*, Case No.: 3:26-cv-00288-RBM-DDL, 2026 WL 517981, at *4 (S.D. Cal. Feb. 25, 2026) (citations omitted). The Court has now presided over nearly 300 habeas petitions, and "has not observed that petitioners are so unlikely to obtain relief in the immigration courts that the immigration courts are a mere 'extension of DHS' deportation and detention programs' or follow 'instructions to defy district court rulings that impede DHS's enforcement goals.'" *Marcelino v. LaRose*, Case No.: 3:26-cv-04098-RBM-SBC, 2026 WL 2210910, at *3 (S.D. Cal. July 30, 2026) (collecting cases). Accordingly, the Court finds that a bond hearing is the appropriate remedy.

## I. **CONCLUSION**

For the reasons above, the Amended Petition (Doc. 9) is **GRANTED**.

1. The Government is **ORDERED** to provide the noncitizen with an individualized bond hearing before an immigration judge **within ten (10) days** of the entry of this Order, unless the noncitizen requests a continuance, to determine whether his continued detention is warranted.
2. If the noncitizen does not request a continuance, and no hearing occurs **within ten (10) days** of entry of this Order, the noncitizen **SHALL** be released from custody.
3. At the bond hearing, the Government **SHALL** bear the burden of establishing by clear and convincing evidence that the noncitizen poses a danger to the community or a risk of flight.
4. If bond is appropriate, the immigration judge **SHALL** consider alternative conditions of release and the noncitizen's ability to pay.[1]

[1] *See Hernandez v. Sessions*, 872 F.3d 976, 990–91 (9th Cir. 2017) ("A bond determination process that does not include consideration of financial circumstances and alternative release conditions is unlikely to result in a bond amount that is reasonably related to the

5. The Government **SHALL FILE** a status report **within 5 days** of providing the noncitizen with a bond hearing indicating whether and when the noncitizen received a bond hearing, and the outcome of that bond hearing.
6. The Government **SHALL** make the audio recording of the bond hearing available to the noncitizen and his counsel upon request.

**IT IS SO ORDERED.**

DATE: October 13, 2026

HON. RUTH BERMUDEZ MONTENEGRO
UNITED STATES DISTRICT JUDGE

---

government's legitimate interests.").